# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| SDLA COURIER SERVICE, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNLIMITED CAPITAL, LLC, *et al.* <br><br> Defendants. | CV 24-07544 TJH (ASx) <br><br> Order <br> and <br> Order To Show Cause |

The Court has considered the application for a temporary restraining order filed by Plaintiffs SDLA Courier Service, Inc. ["SDLA"] and James E. Goodman, Jr. [dkt. # 10], together with the moving papers.

The following facts are as alleged in the verified Complaint.

SDLA is a California corporation based in Torrance, California. Until Amazon.com, Inc. ["Amazon"] recently cancelled its contract with SDLA, SDLA delivered packages for Amazon. Amazon was SDLA's only client. Goodman is SDLA's sole shareholder.

Defendant Unlimited Capital, LLC ["Unlimited"], is a Connecticut limited liability company based in Greenwich, Connecticut. Defendants Samuel Sterns and

Leopold Vargas are officers of Unlimited.

On June 3, 2024, because SDLA could not obtain financing from a bank, SDLA and Unlimited entered into a written merchant agreement ["the Merchant Agreement"], whereby Unlimited purchased 30% of SDLA's future receivables, valued at $989,340.00, for a discounted price of $660,000.00. In turn, SDLA was obligated to make daily remittance payments of $8,999.00 to Unlimited. The daily remittance amount was based on a portion of SDLA's expected future receivables. SDLA authorized Unlimited to electronically debit the daily remittance out of SDLA's bank account.

The Merchant Agreement's choice of law provision states that it shall be governed by Connecticut law, while the forum selection provision states that:

> Except to enforce a security interest or otherwise required by applicable law, any suit … arising hereunder, or the interpretation, performance or breach hereof, shall, if [Unlimited] so elects, be instituted in any court sitting in Connecticut, to the exclusion of all other forums… .

On June 14, 2024, Unlimited assigned its right to collect SDLA's future receivables to Defendant Triton Recovery LLC ["Triton"], a Florida limited liability company based in Miami, Florida. Defendant Erica Gilerman is Triton's chief legal officer.

On June 25, 2024, SDLA sued Unlimited for breach of contract and breach of the implied covenant of good faith and fair dealing in Stamford, Connecticut Superior Court ["the Connecticut Case"]. SDLA alleged that Unlimited breached the Merchant Agreement by requesting an increase in the daily remittance amount. SDLA asserted that because it had not defaulted on its obligations under the Merchant Agreement, Unlimited could not increase the daily remittance amount.

On July 24, 2024, SDLA, Goodman and Unlimited settled the Connecticut Case and entered into a written settlement agreement ["the Settlement Agreement"]. The Settlement Agreement called for SDLA and Goodman to pay $900,000.00 to Unlimited,

with an agreed upon payment schedule.  The payment schedule called for payments of: (1) $250,000.00 to be paid by July 12, 2024, via Amazon; (2) $200,000.00 to be paid by July 25, 2024, by wire transfer; and (3) $450,000.00 to be paid by November 22, 2024, by bank deposit.  The Settlement stated that if SDLA and Goodman failed to make any of the required payments, then Unlimited could send Amazon a Uniform Commercial Code ["UCC"] lien notice.

The Settlement Agreement's choice of law provision states that it shall be governed by New York law, while the forum selection provision states that:

> … venue shall lie in Monroe County, New York.  Jurisdiction is limited to this Settlement Agreement only.

On August 2, 2024, Triton sent a UCC lien notice to Amazon because the first scheduled settlement payment was not made by the July 12, 2024, due date.  After Amazon received the lien notice, it terminated its contract with SDLA.  Because Amazon was SDLA's sole client, the contract termination SDLA left  SDLA insolvent.

On September 4, 2024, SDLA and Goodman filed this case, alleging claims for: (1) Violation of the Racketeer Influenced and Corruptions Act ["RICO"], 18 U.S.C. § 1962, *et seq.*; (2) Usury; (3) Violation of California's Unfair Competition Law ["UCL"], Cal. Bus. Prof. Code § 17200, *et seq.*; (4) Intentional interference with contractual relations; (5) Breach of contract; (6) Breach of the implied covenant of good faith and fair dealing; (7) Fraudulent misrepresentation; and (8) Unjust enrichment. In sum, SDLA alleged that Unlimited is a predatory loan shark that uses illegal debt collection methods, and that its sale of future receivables to Unlimited was really an illegal loan from Unlimited.

SDLA and Goodman, now, apply for a temporary restraining order to:

(1)   Require Triton to withdrawal the UCC lien notice it sent to Amazon;

(2)   Suspend Defendants' debt collection efforts;

(3)   Prohibit Defendants from accessing Plaintiffs' bank accounts;

(4)   Prohibit Unlimited from exercising any rights it was granted by any power

       of attorney the Plaintiffs granted to Unlimited;

(5)    Prohibit Defendants from taking any "protections against default" authorized by the Merchant Agreement; and

(6)    Prohibit Defendants from communicating with any account debtor.

**Equitable Jurisdiction over the Unfair Competition Law Claim**

Because only equitable remedies are available for a UCL claim, for the Court to have equitable jurisdiction over the UCL claim, here, Plaintiffs must allege that all available legal remedies are inadequate. *See Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 844 (9th Cir. 2020). Here, SDLA and Goodman failed to allege that all available legal remedies are inadequate. Consequently, the Court lacks equitable jurisdiction over the UCL claim.

**Venue and Choice of Law**

The Merchant Agreement and the Settlement Agreement each contain different choice of law provisions and different forum selection provisions. Those differences are problematic.

Though Defendants have not yet appeared, here, the Court may, *sua sponte*, question whether venue is proper in the Central District of California by ordering Plaintiffs to show cause why this action should not be transferred or dismissed for improper venue. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Generally, venue is proper in: (1) A district where any defendant resides, if all defendants reside in the same state; (2) A district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) Any judicial district in which any defendant is subject to the court's personal jurisdiction, if venue is not proper under the first two grounds. 28 U.S.C. § 1391(b). However, forum selection clauses supercede § 1391(b) if they are contractually valid. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013). In the absence of extraordinary circumstances, forum selection clauses are presumptively valid. *Atl. Marine Constr. Co.,* 571 U.S. at 62. Based on the limited record, here, Plaintiffs have

not established the existence of any extraordinary circumstances to deviate from the presumptive validity of the two forum selection clauses at issue, here.

The Settlement Agreement's forum selection clause appears to limit venue to a court in Monroe County, New York, while the Merchant Agreement's forum selection clause gives Unlimited the option to limit venue to any court in Connecticut. Because Unlimited has not yet appeared, here, it is unknown whether it will elect to exercise it forum selection rights under the Merchant Agreement.

Regardless, because the claims, here, implicate both the Settlement Agreement and the Merchant Agreement, the proper venue for this dispute is not clear at this procedural juncture. But, what is clear, is that if venue is not proper in the Central District of California, based on the forum selection clauses, then the Court lacks authority to grant the requested injunctive relief. *See Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1135 (9th Cir. 2005).

Consequently, the Court can not consider the appropriateness of emergency or preliminary injunctive relief until after it determines where venue is proper or, at a minimum, determines whether venue is proper in the Central District of California. If the Court determines that venue is not proper in the Central District of California, it will dismiss this case if it cannot conclusively determine whether this case should be transferred to the Western District of New York or to the District of Connecticut.

Another concern is that the Merchant Agreement states that it is to be governed by Connecticut law, while the Settlement Agreement states that it is to be governed by New York law. If it is determined that venue is proper in the Central District of California, the Court must, then, consider whether Plaintiffs are entitled to assert California state law claims. Consequently, the Court will order the Plaintiffs to show cause as to why its California state law claims should not be dismissed based on the two choice of law clauses.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Plaintiffs' unfair competition claim, brought under Cal. Bus. Prof. Code § 17200, *et seq.*, be, and hereby is, 𝕯𝖎𝖘𝖒𝖎𝖘𝖘𝖊𝖉 for lack of equitable jurisdiction.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Plaintiffs' application for a temporary restraining order be, and hereby is, 𝕯𝖊𝖓𝖎𝖊𝖉.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Plaintiffs shall Show Cause, if they have any, as to why: (1) This case should not be transferred to the Western District of New York or to the District of Connecticut based on the forum selection clauses in the Merchant Agreement and the Settlement Agreement; and (2) Their California state law claims should not be dismissed based on the choice of law clauses in the Merchant Agreement and the Settlement Agreement. Plaintiffs shall file a written response to this Order to Show Cause by September 16, 2024. Defendants may file an opposition, if any, to Plaintiffs' written response within ten days after Defendants are served with copies of the Complaint, this Order to Show Cause, and Plaintiffs' written response to this Order to Show Cause. The matter will then stand submitted.

Date: September 6, 2024

_____
Terry J. Hatter, Jr.
Senior United States District Judge